It ARMSTRONG, Judge.
This is an appeal by the plaintiffs in a wrongful death and survival action involving a vehicle-pedestrian collision. The plaintiffs appeal from a judgment, following a bench trial, which found one of the defendants not hable. The plaintiffs’ only argument on appeal is that the trial court’s decision was clearly wrong or manifestly erroneous as a matter of fact. We find that the trial court was not clearly wrong or manifestly erroneous and so we affirm the trial court’s judgment.
Plaintiffs’ decedent, Kennedy Lyons, was an eight year old child. He hved in the Desire Housing Project. He was struck and killed, while starting to cross Alvar Street, by a car driven by defendant Deloyd Ferguson (who is not a party to this appeal). Ferguson fled the scene of the accident, but turned himself in to the pohee a few hours later, and pleaded nolo contendré to leaving the scene of an accident (hit and run). He was not charged with any other crime.
RThe plaintiff originally sued only Ferguson and a preliminary default was entered against him. Later, they amended their petition to add the City of New Orleans as a defendant. The hearing for confirmation of the default against Ferguson was combined with the trial of the plaintiffs’ claims against the City. Following three days of trial, the trial court entered judgment by default against Ferguson but found no liability as to the City. The plaintiffs appeal the trial court’s finding of no liability of the City.
The plaintiffs’ claims against the City are based on the absence of “traffic control devices” at or near the scene of the accident. Specifically, the plaintiffs complain that there were no cross-walk stripes, no pedestrian crossing warning signs and no playground warning signs on Alvar Street at or near the scene of the accident. They also complain that, although “curving road” warning signs, with 30 mph advisory warnings, had been installed on Alvar Street near the accident scene about ten years earlier, they were no longer present by the time of the accident.
Alvar Street runs alongside the Desire Housing Project. Where the accident occurred, the main part of Alvar Street begins to rise to a bridge. A spur of Alvar Street, running alongside the Desire Housing Project, continues at ground level. At the scene of the accident, there are a few concrete steps that lead from the edge of the main part of Alvar, which is elevated a few feet off the ground at that point, down onto the ground-level spur. Thus, the steps are on the far side of the Alvar Street spur from the Desire Housing Project. There is a playground in the Desire Housing Project, but it is located towards the center of the project, and it is not adjacent to Alvar Street. Thus, it would not be necessary to cross or approach |3near to Alvar Street to reach the playground from any point in the Desire Housing Project.
Kennedy Lyons was coming off the steps and beginning to cross the spur of Alvar Street when he was struck by the Ferguson ear. The plaintiffs’ theory of liability with respect to the City is that, if there had been traffic control devices at that point on Alvar Street, then Ferguson would have been driving more slowly and, as a result, would not have struck Kennedy Lyons. The plaintiffs *431 argue that, under the Manual of Uniform Traffic Control Devices (“MUTCD”), which the parties agree is in force in New Orleans, the City should have installed cross-walk stripes and warning signs, as well as playground warning signs, on Alvar Street in the vicinity of the accident scene.
The City argues that, under the MUTCD, it was not appropriate to install crosswalk markings and crosswalk warning signs in the vicinity of the accident scene and that, in any event, the question is one of engineering judgment, which was exercised properly by the City’s traffic engineers. In support of this argument, the City presented the expert testimony of a City traffic engineer. He explained that, under the MUTCD, crosswalk markings and crosswalk warning signs should be installed at points where there are concentrations of pedestrians crossing the roadway. According to his testimony, the area across Alvar from the Desire Housing Project is not any sort of area to or from which many pedestrians likely would be bound. In the traffic engineer’s terminology, there were no “pedestrian generators” that would cause a concentration of pedestrians in the vicinity of the accident scene. Also, he testified that one would not want to encourage pedestrian crossing at that point on Al-var Street and that would be an 14additional reason not to install crosswalk markings in the vicinity of the accident scene. The plaintiffs offered no expert testimony on this (or any other) point.
The City also argues that, under the MUTCD, it was not necessary to install playground warning signs on Alvar Street in the vicinity of the accident scene. Again, a City traffic engineer gave expert testimony in support of the City’s argument. He testified that, because there was no reason for children to be crossing Alvar Street to go to or from the playground, and because the playground was located toward the center of the Desire Housing Project and not adjacent to Alvar Street, playground warning signs did not need to be installed on Alvar Street. He explained that playground warning signs should be placed only where children are likely to cross the street to reach the playground or where the playground is so close to the street that children are likely to run into the street. Again, the plaintiffs offered no expert testimony on this (or any other) point.
The City argues that the absence of the “curving road” warning signs, with 30 mph advisory warnings, which had been installed ten years prior to the accident, was not a cause of the accident. The signs were advisory signs intended to warn drivers of upcoming curves and to suggest a rate of speed rather than regulatory signs setting a mandatory speed limit which must be obeyed. The plaintiffs argue that, if the advisory signs still had been in place at the time of the accident, Ferguson would have been driving slower and the accident would been avoided. The plaintiffs point to the testimony of an eyewitness to the accident, a Mr. Atkinson, that Ferguson’s car was traveling at 65 mph at the time of the accident. The City responded to this with the testimony of an accident reconstruction expert to the effect that Ferguson could not have been traveling at 65 mph in that location. He explained that, if the Ferguson car had been traveling |5at 65 mph in that location, then it would have become airborne, and there would have been tire scuff marks marking its falling back to the pavement, and that there were no such tire scuff marks. Also, the testimony of the eyewitness, Mr. Atkinson, did not mention the Ferguson car being airborne.
The City’s accident reconstruction expert testified (and previously had prepared a written report) that, based upon his investigation, which included an interview of the eyewitness, Mr. Atkinson, the accident was caused by Kennedy Lyons’ jumping or running off the steps into the path of the Ferguson car in the traffic lane. His report explains that, prior to the accident, Kennedy Lyons and another child were playing by jumping off the steps onto the Alvar Street spur. The accident reconstruction expert concluded that the speed of the Ferguson car, whether 30 mph or greater, was not a factor in the causation of the accident. Again, the plaintiffs did not present any expert testimony on this (or any other) point.
We cannot conclude, as the plaintiffs contend, that the trial court was clearly wrong *432 or manifestly erroneous as to the City’s lack of fault. Regardless of the appellate court’s own view of the evidence, “the issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.” Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993). Accord Rosell v. ESCO, 649 So.2d 840 (La.1989). A reasonable factfinder could credit the expert testimony of the City’s traffic engineer that pedestrian crosswalk markings, pedestrian warning signs and playground warning signs were not necessary on Alvar Street near the scene of the accident. Also, a reasonable factfinder could credit the expert testimony of the City’s accident reconstruction expert that the speed of the Ferguson car, and thus the ^absence of “curving road” warning signs with 30 mph advisory warnings, was not a factor in the causation of the accident. Of course, regardless of whether the plaintiffs’ theory of liability against the City is based upon negligence or strict liability, causation of the injury by the allegedly unreasonably dangerous condition is an essential element of the claim. E.g., Campbell v. DOTD, 94-1052 at 5-6 (La.1-17-95), 648 So.2d 898, 901.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.